(77 App. Div. 47.)

## SMITH v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Division, Fourth Department. November Term, 1902.)

1. COSTS—EXTRA ALLOWANCE—DIFFICULT AND EXTRAORDINARY CASE.

An action for personal injury from collision of a train with a team at a railroad crossing, if difficult, is not extraordinary, within Code Civ. Proc. § 3253, authorizing an extra allowance of costs in a difficult and extraordinary case.

Appeal from special term, Ontario county.

Action by Porter D. Smith against the Lehigh Valley Railroad Company for damages for personal injuries to plaintiff from a collision at a railroad crossing of a train with his carriage. From an order granting plaintiff an extra allowance of costs of $400 (being 5 per cent. on the verdict of $8,000 recovered by plaintiff), defendant appeals. Reversed.

See 79 N. Y. Supp. 106, 1147.

Argued before McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Martin Carey and James McC. Mitchell, for appellant.
Thomas Raines, for respondent.

WILLIAMS, J. The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

In order to authorize the granting of an extra allowance, a case must be both difficult and extraordinary. Code Civ. Proc. § 3253. While a railroad crossing accident case may be difficult and require much labor and expense in the trial, such a case cannot be said, in any sense, to be extraordinary. Cases of this kind are very common. Our courts are continually trying them and reviewing them on appeal. Extra allowances should not be granted in these cases unless they come clearly within the provisions of the statute. The verdicts are ordinarily large enough, and create a sufficient burden upon the railroads, without granting extra allowances. In this case the plaintiff is adequately compensated in the verdict and the statutory costs. The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

Order reversed, with $10 costs and disbursements, and motion denied. All concur.